JAMES *et al.*, by next friend, *v.* FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, and *vice versa.*

The injury complained of occurred in Florida and the action was brought under the laws of that State, and the plaintiffs failed to introduce evidence sufficient to furnish the jury a basis for any estimate of the plaintiffs' damages. The verdict for the defendant was, therefore, demanded, and the court did not err in refusing a new trial.

Submitted March 1, — Decided April 25, 1902.
Rehearing denied May 12, 1902.

Action for damages.   Before Judge Norwood.   City court of Savannah.   March 5, 1901. °

*David C. Barrow*, for plaintiffs.
*Denmark, Adams & Freeman*, for defendant.

SIMMONS, C. J.   Suit was brought against the Florida Central and Peninsular Railroad Company by Etheline B. James et al., minors, by their next friend, for damages for the homicide of their father.   The injuries by which his death was alleged to have been caused occurred in the State of Florida, and the Florida laws were especially invoked in the plaintiffs' petition.   The jury found for the defendant.   Plaintiffs moved for a new trial, and, when their motion was overruled, excepted.   The motion for new trial contained a number of grounds, but it is unnecessary to discuss them, as we think the verdict was demanded.   There was no evidence before the jury to furnish a basis of recovery for the plaintiffs, and no data from which they could legally deduce the plaintiffs' damages.   The law of Florida, as set out in the petition, provides that in every action such as this "the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed."   It was, therefore, incumbent upon the plaintiffs to show the amount of pecuniary damages they sustained by reason of their father's death.   There was evidence as to the father's earning capacity, but none whatever as to his expenses.   He boarded at least half of his time in a city other than that of his residence, but it does not appear what board he paid.   There is no evidence as to any of his other expenses.   As a result we think it was not possible for the jury to have made any legal estimate of the plaintiffs' damages.   There was no data as to the amount the deceased had spent upon his children or as to what he would probably spend upon them. We think that, for these reasons if for no other, the jury could have found no verdict other than one for the defendant.   While it is impracticable to determine accurately the amount of damage in a case like this, the burden is upon the plaintiffs to give some data upon which an estimate can be based.

It is unnecessary to consider any of the special grounds of the motion for a new trial.   All of them except two complain of the charge of the court.   As the verdict was demanded, no error in the charge should work a new trial.   The other two grounds complain

of the form of the verdict, and of the absence of the judge at a time when the jury wished to be recharged. For the same reason, it is immaterial whether there was error here. The refusal to grant a new trial must, therefore, be affirmed. As this finally disposes of the case, it is unnecessary to consider the cross-bill of exceptions filed by the defendant in error.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Lewis, J., absent.*